CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

DEC 0 1 2009

JOHN F, CORCORAN, CLERK
BY: _____
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | |
|---|---|
| HENRY FRANCIS DUNTON III, | ) |
| | ) |
| Plaintiff, | ) Case No. 7:09CV00485 |
| | ) |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| | ) |
| W.V.R.J., ET AL., | ) By: Glen E. Conrad |
| | ) United States District Judge |
| Defendants. | ) |

Plaintiff Henry Francis Dunton III, a Virginia inmate proceeding pro se, has filed this civil rights action, pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, Dunton alleges that officials at the Western Virginia Regional Jail ("WVRJ") have deprived him of medical treatment for skin cancer. He also alleges that his court appointed defense counsel in pending state criminal matters has violated his constitutional rights in various ways. Upon review of the record, the court concludes that the complaint must be summarily dismissed without prejudice.

**I. Exhaustion of Administrative Remedies**

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). It is well established that this exhaustion requirement is mandatory, Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 677 (4th Cir. 2005), and that the requirement "applies to all inmate suits about prison life." Porter v. Nussle, 534 U.S. 516, 532 (2002). Failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar an inmate's § 1983 action. Woodford v. Ngo, 548 U.S. 81, 90 (2006). "[W]here failure to exhaust is apparent from the face of the complaint," the court may summarily dismiss the complaint on that ground. Anderson, 407 F.3d at 682.

The court finds it clear from the face of Dunton's complaint that he did not complete all available administrative remedies as to his medical claims before filing this lawsuit.[1] On his handwritten version of the § 1983 form, in response to the question about whether he has presented the facts of his complaint through the "state prison grievance procedure," he checks, "No." He explains that he is not in state prison, so could not have pursued his claim through the state prison grievance procedure. However, the exhaustion requirement of § 1997e(a), by its own terms, applies to whatever administrative proceedings are "available" at the facility where the litigant is incarcerated.

Dunton states that he filed this lawsuit instead of filing complaints and grievances at WVRJ, because officials there are "known to misplace" these items. These allegations indicate that although administrative remedies are available, Dunton has not even tried to utilize them. His self-made remedy of "report[ing his] problem to medical staff every-day" does not fulfill the exhaustion requirements of § 1997e(a). Woodford, 548 U.S. at 90. As Dunton had not yet completed available administrative remedies before filing this lawsuit, he did not comply with the requirements of § 1997e(a). Accordingly, his claim concerning his medical treatment at WVRJ must be dismissed without prejudice.

## II. Claims Related to Pending Criminal Proceedings

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). A complaint filed by an inmate challenging the conduct of an

---

[1] Dunton does not describe his medical condition in any detail. He alleges that from the first day, unnamed officials at WVRJ denied him pain medication for skin cancer. After five months, officials transported him to see a surgeon who "wanted to do the surg[ury] then and there." The transporting officers said that they did not have time to wait and the surgery would have to be rescheduled. Dunton complains that he has not received the surgery, but does not provide dates for any of these alleged incidents. He also alleges that he lost fourteen pounds the first twenty days he was held at WVRJ.

"officer or employee of a governmental entity" may be dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

Dunton alleges that his court appointed counsel has "caused him to remain in jail" because at their first meeting, Dunton refused to agree to a plea. He asserts that "counsel . . . has broken privileged information" and shows "total disinterest" in his case. Finally, Dunton asserts that counsel has failed to protect his right to a speedy trial in some unidentified respect.

Defense attorneys do not act "under color of" state law and are, therefore, not amenable to suit under § 1983 for acts taken in the course of representing the defendant, whether the attorney is privately retained, Deas v. Potts, 547 F.2d 800 (4th Cir. 1976), appointed by the state, Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980), or employed as public defenders, Polk County v. Dodson, 454 U.S. 312, 325 (1981). Dunton is challenging actions the attorney took or failed to take as part of his role as Dunton's criminal defense counsel. Because counsel was not acting "under color of state law" in performing that role, he is not subject to suit under § 1983 for the challenged actions. Therefore, all of Dunton's claims related to his attorney's representation must be dismissed, pursuant to § 1915A(b)(1), for failure to state a claim.[2]

### III. Conclusion

For the stated reasons, the court concludes that this action must be dismissed without prejudice. The medical claim must be dismissed for failure to exhaust administrative remedies,

---

[2] In the last paragraph of his claims section, Dunton asserts that he is being "deprived of [his] freedom for invalid and illegal reasons." He alleges that the Commonwealth's evidence has been "altered" and that the evidence against him includes a "check" issued from State Farm, "which alleges no wrong doing," and perjured testimony from the alleged victim. The only defendant named in the complaint related to these allegations is defense counsel. To the extent that Dunton intends to raise a claim that counsel has not effectively addressed these evidentiary issues, his claim must be dismissed, because counsel is not subject to suit under § 1983 for such actions or omissions. Deas, 547 F.2d at 800.

To the extent that Dunton seeks to challenge the constitutionality of his current confinement or to obtain his release from confinement, he must first present such claims to the state courts—at trial, on appeal, and/or in habeas corpus proceedings. See 28 U.S.C. § 2254(b) (requiring exhaustion of state court remedies before federal court may grant habeas relief). As Dunton does not state that he is seeking his release from confinement as a form of relief in this action and offers no indication that he has raised his speedy trial and evidentiary issues in the state courts as required for exhaustion, the court will not construe his allegations as seeking habeas relief in this court.

pursuant to § 1997e(a), and the claims against defense counsel must be dismissed, pursuant to § 1915A(b)(1), for failure to state a claim. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This ___ day of December, 2009.

_____

United States District Judge